CASTRO, RECURRENTE, *v.* EL REGISTRADOR DE SAN JUAN, SECCIÓN PRIMERA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegando la inscripción de una escritura de compraventa.

No. 298.—Resuelto en diciembre 22, 1916.

INSCRIPCIÓN DE TÍTULOS—INSCRIPCIÓN PREVIA A FAVOR DEL VENDEDOR—ANOTACIONES PREVENTIVAS—EFECTO DE LAS MISMAS.—No estando inscrita a favor del vendedor la finca de la cual se segrega y vende una porción, procede correctamente el registrador que se niega a inscribir tal venta, pues el artículo 20 de la Ley Hipotecaria exige para la inscripción de un título que previamente se halle inscrita la finca a favor del que lo otorga, sin que el hecho de hallarse anotado el dominio a favor del vendedor dé derecho a la inscripción, toda vez que la anotación no es la inscripción y no produce otro efecto que el de retrotraer la inscripción que posteriormente se haga a la fecha en que se tomó la anotación si dentro del término expresado se corrige el defecto que impidió la inscripción.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. Manuel Benítez Flores.*

El registrador recurrido, Sr. José S. Belaval, no compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Siendo viuda Pía de Jesús vendió a María Castro, casada con Trifón León, tres cuerdas de terreno que segregó de una finca de once cuerdas quince céntimos, adquirida parte por herencia y parte por compra, sin que se describan estas porciones.

Presentada en el registro de la propiedad copia notarial del documento que contiene esos extremos, el registrador se negó a inscribirla por no estar inscrita a favor de la vendedora la finca de la cual se hace la segregación, aunque está anotado por cuatro meses su derecho de dominio, y porque en el caso de que la vendedora hubiera adquirido la finca siendo casada, no podría verificar la enajenación, siendo viuda, en la parte adquirida a título oneroso, sin que le precediera la liquidación de la sociedad conyugal, y en cuanto a la parte heredada sin que consintieran los causahabientes del cónyuge difunto. Del documento tomó el registrador anotación preventiva en sus libros haciendo constar el defecto subsanable de no estar aceptada la escritura por el esposo de la compradora, como único representante legal y administrador de la sociedad conyugal.

Esa calificación ha sido recurrida por la compradora.

No estando inscrita a favor de la vendedora la finca de la cual segrega y vende una porción a la recurrente, procedió correctamente el registrador recurrido al negarse a inscribir tal venta, pues el artículo 20 de la Ley Hipotecaria exige para la inscripción de un título que previamente se halle inscrita la finca a favor del que lo otorga, sin que el hecho de hallarse anotado el dominio a favor de la vendedora dé derecho a la inscripción, toda vez que la anotación no es la inscripción y no produce otro efecto que el de retrotraer la inscripción que posteriormente se haga a la fecha en que se tomó la anotación si dentro del término expresado se corrige el defecto que impidió la inscripción.

La nota recurrida se sostiene por su primer fundamento

o sea por el de no estar inscrita a favor de la vendedora la finca cuya parcela se enajena, y nos abstenemos de considerar las demás razones en que se funda dicha nota, pues ellas parten del supuesto de que la finca estuviera inscrita a favor de la vendedora, bajo cuyo supuesto sostiene el registrador que no sería inscribible el título cuya inscripción ha sido denegada.

Es de confirmarse la nota recurrida por no estar inscrita la finca de la cual se hace la segregación a favor de la vendedora.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.